ON APPLICATION FOR REOPENING MEMORANDUM DECISION
Defendant-appellant, Desmond Whiteside, has filed an application for reopening of this court's decision in State v.Whiteside (Mar. 25, 1999), Franklin App. No. 98AP-804, unreported (1999 Opinions 532), pursuant to App.R. 26(B). In that decision, this court affirmed the judgment of the Franklin County Court of Common Pleas finding defendant guilty of murder in violation of R.C. 2903.02
Pursuant to App.R. 26(B), a criminal defendant may raise a claim of ineffective assistance of appellate counsel by applying to reopen his direct appeal. Bringing such an application is a two-stage process. See App.R. 26(B). In the first stage, the court must determine, based upon the defendant's application, proposed assignments of error, sworn statement, and portions of the record before it, whether there is "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." See App.R. 26(B) (2) through (5). If the court so finds, the court shall then reinstate defendant's' direct appeal, commencing the second stage of the process. See App.R. 26(B) (7) through (9).
During the second stage of the reopening procedure, the applicant must establish that a prejudicial error was made during his trial, and that his appellate counsel was ineffective within the meaning of Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, for having failed to raise or effectively argue the error on direct appeal. See State v. Milburn (Aug. 24, 1993), Franklin App. No. 89AP-655, unreported (1993 Opinions 3553).
In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged standard outlined in Strickland. First, he must demonstrate that his counsel's performance was deficient and that counsel's errors were "so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment." Id. at 687,104 S.Ct. at 2064. Second, defendant must demonstrate that he was prejudiced by his counsel's errors, showing that the "errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." Id. To meet this second prong, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694,104 S.Ct. at 2068.
In his application, defendant argues that his appellate counsel was ineffective for failing to raise the following assignment of error:
 A TRIAL COURT COMMITS PREJUDICIAL ERROR DURING THE COURSE OF A JURY TRIAL WHEN IT COMMENTS UNFAVORABLY ON THE TARDINESS OF THE ACCUSED, TOWARDS THE END OF THE CASE, GIVING THE JURY THE IMPRESSION THE ACCUSED WAS NOT PRESENT BECAUSE THE COURT BELIEVED HE WAS GUILTY AND SAID COMMENT ALSO VIOLATES THE RIGHT TO BE PRESENT CONTRA THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.
Defendant's proposed assignment of error deals with an incident which occurred late in defendant's trial. On April 24, 1998, closing arguments in defendant's trial were scheduled to begin after lunch. Following the lunch recess, defendant, who was free on bond, failed to return to the courtroom at the appointed time. Before the jury returned to the courtroom, the trial court commented on the defendant's absence as follows:
 Let the record reflect it's about a quarter of 2:00. I admonished the defendant about being late. He was late the first day. I have a serious concern about him booking. I was going to revoke bond before lunch. I didn't charge the jury. I called off the deputies. I should have gone with my original instinct. I was going to do that. That's why they were here.
 Quite frankly, there's no reason for him to show up. [Tr. 208.]
After the jury returned to the courtroom, the court explained defendant's absence as follows:
 I think we are ready to go. We have been waiting. The defendant is late. He was late the first morning and I told him if he's late, I'm going to go without him. I don't know where he is right now. We are going to proceed with the jury instructions without him. If he does appear, he can go back and sit at counsel table. [Tr. 208-209.]
When defendant objected to the court's comments, the court indicated that it would instruct the jury that it should not consider defendant's absence in its deliberations. Later, in giving the jury its instructions the court not only instructed the jury not to consider defendant's absence, but admonished it to disregard any impression which they may have formed regarding the court's feelings about the facts of the case.
Defendant contends that the trial court's comments regarding his absence violated his constitutional right to be present during his trial. A voluntary absence amounts to a waiver of the right to be present at one's trial. State v. Green (Sept. 17, 1992), Franklin App. No. 92AP-447, unreported (1992 Opinions 3987). Defendant had the burden to demonstrate that his absence on April 24, 1998 was justified by good cause, rather than simply voluntary. Id. However, defendant has never offered any explanation for his absence at trial. In the absence of any explanation, the trial court was entitled to presume that defendant's absence was voluntary. Id. Defendant's right to be present at his trial was not violated.
Defendant also claims that he was unfairly prejudiced by the trial court's comments regarding his absence. While the trial court's comments regarding its concern about defendant returning and defendant having no reason to return would clearly have been improper if made in the presence of the jury, they were not. Consequently, the comments cannot have impacted the jury's deliberations.
With respect to the trial court's statements in front of the jury, the court could perhaps have been more judicious in explaining defendant's absence to the jury. However, whatever minimal prejudice resulted from the trial court's comments was cured by the court's subsequent curative instructions to the jury.State v. Ferguson (1983), 5 Ohio St.3d 160, 163 (holding that a jury is presumed to have followed a trial court's curative instructions).
Given that defendant suffered no prejudice from the events surrounding his failure to appear in court on time on April 24, 1998, appellate counsel's failure to raise this issue on appeal was not below the standard guaranteed by the Sixth Amendment.
Having found that defendant's application for reopening provides no substantive grounds for relief, the application is denied.
Application for reopening denied.
TYACK and BROWN, JJ., concur.